POLLY ANN ROGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rogers v. Commissioner
Docket No. 6344-76.
United States Tax Court
T.C. Memo 1980-495; 1980 Tax Ct. Memo LEXIS 90; 41 T.C.M. (CCH) 316; T.C.M. (RIA) 80495; November 3, 1980, Filed Polly Ann Rogers, pro se. Gregory A. Robinson, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $2,556 in petitioner's Federal income tax for her taxable year 1974. On brief, respondent conceded one of the three adjustments upon which he based his deficiency determination. [1] Therefore, the only issues left for our decision are (1) whether amounts distributed to petitioner from a trust are includable in her gross income, and (2) whether she is entitled to deduct certain "investment expenses." *92 FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Polly Ann Rogers (herein petitioner) filed a Federal income tax return for her taxable year 1974 as a single taxpayer. She resided in Scottsdale, Arizona, when she filed her petition herein. Petitioner's mother, Lilah D. Rogers (herein Mrs. Rogers), was a woman of substantial means. On September 2, 1967, she underwent major vascular surgery that, according to a memorandum dated September 14, 1967, from her physician, rendered her "incompetent and disabled for any duties including personal obligations for an indefinite period of time." On September 15, 1967, Mrs. Rogers made an "X" mark on a document purporting to be a power of attorney appointing petitioner and another person her attorneys-in-fact. The appointment was to be revocable only by a writing signed by Mrs. Rogers, and its language vested broad powers to manage her property in the attorneys-in-fact. On October 24, 1968, the Circuit Court of Champaign County, State of Illinois, appointed the Champaign National Bank (herein the Bank) as conservator for Mrs. *93 Rogers. Prior to 1972, it was the custom of the conservator to give petitioner $1,000 per month for her living expenses. Petitioner was Mrs. Rogers' only child and the primary beneficiary of her then-existing will. In 1972, a petition was filed and an order granted authorizing the transfer of monies and securities as a gift to petitioner from Mrs. Rogers. The gift was to take the form of a trust from which petitioner would receive the income for her life, and the corpus of which would go, upon petitioner's death, to her two children in equal shares. On June 30, 1972, a trust agreement incorporating these terms was executed and $350,000 worth of property was transferred from the conservatorship to the trust, which was entitled the Lilah D. Rogers Gift Trust (hereinafter the Trust). The Bank filed a quarterly gift tax return reporting the gift. The taxable year of the Trust ends on June 30. During the Trust's taxable year ending June 30, 1974, it distributed $19,044 to petitioner. As of October 29, 1976, there was a docket entry in the Circuit Court of Champaign County, Illinois, entitled "In the Matter of the Conservatorship of Lilah D. Rogers," which action consisted *94 of motions by petitioner that the Trust "may be removed from the Conservatorship file on file" and that the "Conservator reimburse Petitioner [petitioner herein] for expenditures involved in the care of his [sic] Ward in the past three years of file." Petitioner, on her 1974 Federal income tax return, included the $19,044 received from the Trust in her gross income, but now contends that such amount is not includable in her gross income for that taxable year. Respondent contends that it is. Petitioner deducted on her 1974 return $10,914.12 as "Investment expenses for trust * * * and for overseeing conservatorship * * *." The Commissioner disallowed these deductions in his statutory notice of deficiency. OPINION Petitioner received $19,044 from the Trust during its taxable year ending June 30, 1974. She initially included such amount in her gross income on her 1974 Federal income tax return, but now denies that such amount is so includable. She contends that the conservatorship and/or the Trust are illegal, relying heavily on the purported power of attorney. We have no evidence before us that any court has held the conservatorship or the Trust invalid, nor do we think *95 they are. Petitioner has the burden of proving that the amounts she received from the Trust are not includable in her gross income, and she has failed to carry this burden. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Income received from an interest in a trust is includable in gross income (section 61(a)(15), Internal Revenue Code of 1954[2]) limited only by the provisions of subchapter J of the Internal Revenue Code. See sec. 652(a). Such amounts are includable in the taxable year of the beneficiary with or within which the taxable year of the trust ends, here petitioner's taxable year 1974. Sec. 652(c). Petitioner having proven no limiting factor under subchapter J, the entire $19,044 received by her in the trust's taxable year ending June 30, 1974, is includable in her gross income for her taxable year 1974. Petitioner deducted $10,914.12 of various expenses as "investment expenses" on her 1974 return. The Commissioner disallowed the deduction of these expenses on the grounds that they were deductible *96 neither under section 162 nor under section 212. Petitioner must prove that she is entitled to deduct these expenses, but she has not done so, nor has she argued their deductibility in her brief. Respondent, therefore, must prevail on this issue, and his disallowance of these deductions is upheld. Due to respondent's concession regarding petitioner's allowable charitable contributions deduction, Decision will be entered under Rule 155.
Footnotes
1. Respondent concedes that petitioner may deduct the amount of charitable contributions that she claimed on her 1974 Federal income tax return.Respondent made an adjustment to petitioner's medical expense deduction, the correctness of which is dependent solely on our determination of petitioner's adjusted gross income.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩